# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:02-582-2 |
| | ) | |
| vs. | ) | |
| | ) | |
| Kenyetta Coleman, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 12, 2005, the defendant filed a motion to eliminate sentencing enhancements and to reduce her sentence. This matter is now before the Court for disposition.

In this motion, the defendant alleges that the enhancements to her sentence violate the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Recently, the United States Supreme Court reaffirmed these principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Here, the defendant's case has run its course and her conviction and sentence became final in 2003, well before Booker was issued, and its approach therefore does not apply here.

The Court therefore denies the defendant's motion to eliminate sentencing enhancements and to reduce her sentence.

    **AND IT IS SO ORDERED**.

*[signature: C. Weston Houck]*

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 16, 2005
Charleston, South Carolina